## Williams v. Damico, Appellant.

*Appeals—Practice, Superior Court—Premature appeal.*

Appeals should not be resorted to where the effect is to bring the case into appellate courts in installments.   Such practice is attended with obvious disadvantages and unnecessarily delays final disposition.

On appeal from the refusal to grant a new trial, where a motion for judgment non obstante veredicto remains undisposed of, the record will be remitted to the court below, with direction to strike off the judgment, prematurely entered, and proceed according to law.   The questions raised by the outstanding rule for judgment non obstante veredicto were, in the first instance, for the consideration of the court below, and until they are disposed of by that tribunal, the appeal from the judgment refusing a new trial is improperly taken.

Argued November 15, 1920.   Appeal, No. 176, Oct. T., 1920, by defendant, from judgment of C. P. Delaware County, Sept. T., 1917, No. 223, on verdict for plaintiff in the case of Frank Williams v. Nicholas Damico.   Be-

## WILLIAMS *v.* DAMICO, Appellant.

554, (1921).]    Verdict—Opinion of the Court.
fore ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Reversed.

Trespass to recover damages for injuries to automobile.
The opinion of the Superior Court states the case.

Verdict for plaintiff for $565.80 and judgment thereon. Subsequently the defendant filed a motion for judgment non obstante veredicto and motion for new trial.

The court filed an opinion dismissing the motion for a new trial, but did not dispose of the motion for judgment non obstante veredicto.   Defendant appealed.

*Errors assigned* were various rulings on evidence, answers to points and refusal of defendant's motion for judgment non obstante veredicto.

*W. S. Sykes,* for appellant.

*A. A. Cochran,* for appellee.

PER CURIAM, July 14, 1921:

The record in this case discloses that on February 4, 1920, a jury returned a verdict for the plaintiff.  On February 7th, the defendant filed a motion asking for judgment non obstante veredicto, and for a new trial, assigning five reasons therefor.  On April 19, 1920, an opinion was filed in which the motion for a new trial was considered, and the rule for a new trial was dismissed. No order was made affecting the motion for judgment non obstante veredicto.  On May 21, 1920, judgment was entered on the verdict, and on May 22, 1920, an appeal was taken to this court.

A judgment or decree is not final within the meaning of the act conferring appellate jurisdiction unless upon its affirmance nothing remains but to execute it.  Transit Co. v. Pipe Line Co., 180 Pa. 224.  Appeals should not be resorted to when the effect is to bring cases into the appellate courts by installments.  Such practice is at-

tended with obvious disadvantages and unnecessarily delays final disposition: Yost v. Davison, 5 Pa. Superior Ct. 469. The questions raised by the outstanding rule for judgment non obstante veredicto are, in the first instance for the consideration of the court below, and until they are disposed of by that tribunal the appeal from the judgment refusing the new trial is improperly taken.

The judgment is reversed the record is remitted to the court below with direction to strike off the judgment prematurely entered and proceed according to law.