Solop *v.* Centralia Collieries Company, Appellant.

Argued October 6, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*E. Mac Troutman,* with him *Penrose Hertzler,* for appellant.

*Thomas B. Noonan,* with him *Thomas L. Kennedy,* for appellee.

OPINION BY GUNTHER, J., December 29, 1953:

This is a claim for workmen's compensation for death alleged to have been caused by anthraco-silicosis, under The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, 77 PS §1401. The applicable portion of the statute provides: "Compensation shall be payable, as otherwise provided in this act, for total disability or death caused solely (as definitely distinguished from a contributory or accelerating cause) by silicosis, anthraco-silicosis, or asbestosis, or by silicosis, anthraco-silicosis, or asbestosis, when accompanied by active pulmonary tuberculosis."

After hearings, the Referee awarded compensation based on findings that decedent died of anthraco-silicosis accompanied by active pulmonary tuberculosis. The Board substituted new findings of fact, concluding that decedent died from tuberculosis and not anthraco-silicosis and denied compensation. The court below sustained claimant's exceptions to the Board's findings and conclusions and remitted the record to the Board for further hearing, reconsideration and determination. This appeal is from the order of the court below remitting the cause to the Board.

The sole question in this appeal is whether the findings and conclusions of the Board can be sustained without a capricious disregard of competent evidence, the Board having found against the claimant; if they are so sustainable, we must affirm the Board. *Gill v. Fives,* 170 Pa. Superior Ct. 564, 88 A. 2d 109. The evidence in question is wholly medical and involves

only the question of the cause of death. Though the immediate cause of death was a pulmonary hemorrhage, the actual underlying cause was the subject of inquiry. The first doctor, who attended decedent during his illness but not immediately before his death, testified that decedent had anthraco-silicosis complicated by pulmonary tuberculosis. He testified further the silicosis was probably contracted first, but that disability was caused by a combination of both diseases. The second doctor, who attended decedent at his death, testified to a diagnosis of both diseases and stated that death was caused by a combination of the two. He also testified that the silicosis probably came first, but admitted that was difficult to determine. This witness was then asked on cross-examination: "And the only effect of the silicosis . . . was to lower his vitality and powers of resistance so that it left him more susceptible and less able to combat the tubercular disease which was the cause of his disability and death?" The doctor replied: "I would think so, yes." On redirect examination he repeated that decedent died from a combination of the two diseases.

Defendant and the Board have emphasized the doctor's hesitant answer to the question on cross-examination as proof that decedent died of tuberculosis only. A careful review of all the evidence reveals that such a conclusion is untenable.

The act allows compensation where death was caused by anthraco-silicosis accompanied by pulmonary tuberculosis. Clearly, the evidence does not sustain the findings of fact and conclusions of law of the Board, which found as a fact that decedent did not die from anthraco-silicosis. The court below did not err in remitting the cause to the Board.

The appeal is dismissed.