Lillian J. Fitterling, Widow of Mark S. Fitterling, Deceased, *v.* Workmen's Compensation Appeal Board and Birdsboro Corporation and Transportation Insurance Company of CNA Insurance and Commonwealth of Pennsylvania Occupational Disease Fund.

Commonwealth of Pennsylvania, Appellant.

Argued June 6, 1975, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*David A. Ody,* Assistant Attorney General, with him *Samuel Vary,* Assistant Attorney General, for appellant.

*Marc S. Jacobs,* with him *Roland J. Artigues,* and *Galfand, Berger, Senesky, Lurie and March,* for appellee.

OPINION BY JUDGE MENCER, August 11, 1975:

This is an appeal by the Commonwealth of Pennsylvania (Commonwealth) from an order of the Court of Common Pleas of Berks County which sustaine[1] the appeal of Mark S. Fitterling (claimant) from a decision of the Workmen's Compensation Appeal Board (Board) and reinstated a referee's award of benefits under The Pennsylvania Occupational Disease Act (Act).[1]

On April 17, 1972, claimant filed an occupational disease claim with the Bureau of Workmen's Compensation, alleging that he had become totally disabled from silicosis as of November 12, 1972, as a result of his employment with the Birdsboro Corporation in an occupation having a silica hazard. Hearings were then held before a referee, who subsequently awarded compensation to claimant, to be paid by the Commonwealth,[2] based on the following findings of fact:

"1. That an employer-employee relationship existed between the defendant [Birdsboro] and claimant in November 1971.

"2. In accordance with Section 302 of the Occupational Disease Act, it is conclusively presumed and found to be a fact that the parties hereto have accepted the provisions of Article III of said Act.

---

1. Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq.

2. The referee concluded that the Commonwealth was solely liable to pay the compensation as a result of his finding No. 10. Of course, Section 301(g) of the Act, 77 P.S. §1401(g) (Supp. 1975-76), mandates such a conclusion when the facts are as found by the referee.

"3. Claimant herein was employed by defendant herein until 11-12-71. Claimant worked for defendant and defendant's predecessor corporations continually since 5-5-42.

"4. Defendant's industry is one in which silicosis is a hazard and this fact gives rise to the presumption set forth in Section 301 (f) of the Occupational Disease Act.

"5. Claimant's testimony and evidence adequately established evidence of exposure to sand dust while in the employ of defendant and defendant's predecessor corporations.

"6. Claimant has shown through his evidence at least two years and more aggregate employment in the Commonwealth of Pennsylvania during the period of ten years next preceding the date of disability in an occupation having a silica hazard.

"7. Claimant herein was totally disabled from silicosis on 12-29-71 as a result of exposure to a silica hazard while in the employ of the defendant herein and defendant's predecessors. Said total disability occurred within a period of less than two months dating from claimant's last exposure to a silica hazard.

"8. The insuror [sic] covering workmen's compensation liability for defendant herein at the time of claimant's last exposure was CNA Insurance Company of Reading, Pennsylvania.

"9. The Commonwealth had notice of claimant's claim on April 17, 1972 and defendant herein had notice soon thereafter.

"10. The exposure to a silica hazard herein established was for a period of approximately 29 years and it has not been conclusively proven that claimant's disability was the result of his last exposure.

"11. Claimant's average weekly wage was sufficient to entitle him to the maximum weekly compensation benefits in effect on 11-12-71.

"12. On 11-12-71, the insurance carrier for the defendant was CNA Insurance Company, and the Dept. of Labor and Industry, Div. for Admin. of Occup. Disease Funds of the Commonwealth was co-defendant."

The Commonwealth appealed to the Board which reversed the referee's award of compensation on the ground that the referee's finding of fact No. 7 (that claimant was totally disabled) was not supported by competent evidence because, in the opinion of the Board, it was based on medical testimony which was "too equivocal." The Board then deleted the referee's findings Nos. 7 and 10, substituted a new finding that claimant had failed to prove total disability from silicosis, and concluded that claimant was not entitled to compensation.

Claimant's widow[3] then appealed to the lower court. The lower court found that the Board's substituted finding was a capricious disregard of competent evidence and therefore sustained claimant's appeal and ordered the referee's award reinstated. The Commonwealth now appeals to us.

The Commonwealth first argues that the lower court erred in determining that the Board's substituted finding was a carpricious disregard of competent evidence.

The evidence involved was the testimony of claimant's medical expert, Dr. John Bisbing, a specialist in pulmonary diseases. The Board found that his testimony was "too equivocal" and therefore disregarded it, while the lower court found it unequivocally established that claimant was totally disabled from silicosis.

Our reading of this testimony compels us to accept the lower court's determination. It is clear from a review of the Board's opinion that it found Dr. Bisbing's testi-

---

3. Mark S. Fitterling died on April 10, 1973, four months before the Board's opinion was filed. His widow, Lillian J. Fitterling, appealed to the lower court in her husband's behalf.

mony equivocal only because it did not properly interpret Section 301(e) of the Act, 77 P.S. §1401(e) (Supp. 1975-76). This section reads as follows:

> "(e) Compensation shall not be payable for partial disability due to silicosis, anthraco-silicosis, coal worker's pneumoconiosis, or asbestosis. *Compensation shall be payable,* as otherwise provided in this act, *for total disability or death caused by silicosis,* anthraco-silicosis, coal worker's pneumoconiosis, or asbestosis, *or by silicosis,* anthraco-silicosis, coal worker's pneumoconiosis, or asbestosis, *when accompanied by active pulmonary tuberculosis."* (Emphasis added.)

Under our reading of this section, compensation is allowed when a claimant's total disability or death is caused by silicosis accompanied by active pulmonary tuberculosis, even though the silicosis alone would not have been totally disabling. *See Solop v. Centralia Collieries Co.,* 174 Pa. Superior Ct. 606, 101 A. 2d 163 (1953).

The Board found Dr. Bisbing's testimony equivocal because the Doctor vacillated on the question of whether claimant's disability was caused by silicosis alone or whether it was complicated by tuberculosis. However, under Section 301(e) above, it made no difference which was the case, since claimant's total disability was compensable in either situation. Since the Board's conclusion that Dr. Bisbing's testimony was equivocal was based on its misapprehension of the law, it would have been more appropriate for the lower court to have reversed the Board's determination as an error of law rather than as a capricious disregard of competent evidence. In any case, the lower court reached the right result, and we affirm.[4]

The Commonwealth also argues that there was competent evidence in the record upon which the Board could

---

4. We may of course affirm the decision of the lower court if the result is correct on any ground without regard to the grounds relied on by the lower court. *Concord Township Appeal,* 439 Pa. 466, 469, 268 A. 2d 765, 766 (1970).

have found that claimant had not been employed for two years in the ten-year period preceding his disability in an occupation having a silica hazard and, therefore, he was not entitled to compensation under Section 301 (d) of the Act, 77 P.S. §1401 (d) (Supp. 1975-76).

Unfortunately for the Commonwealth, this argument must fail because the Board did not make such a finding. Instead, the Board's action in deleting only findings 7 and 10 of the referee's order was an implicit adoption of the remainder of the referee's findings, including the exactly opposite finding of the referee (No. 6) on this point. This finding is supported by competent evidence in the record and will not be disturbed.

Order affirmed.