Martin Trucking Company and Continental Insurance Company, Insurance Carrier *v.* Herman Carl List and Workmen's Compensation Appeal Board. Martin Trucking Company, Appellant.

556

Argued May 7, 1976, before President Judge Bow-MAN and Judges MENCER and ROGERS, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for appellant.

*Alfred V. Papa,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, July 20, 1976:

This is an appeal by Martin Trucking Co., Inc. (Martin) and its insurer, Continental Insurance Company, from an order of the Workmen's Compensation Appeal Board (Board) affirming the grant of total disability benefits and hospital expenses to Herman Carl List (claimant) by a referee.

Claimant filed a claim petition on March 24, 1972, asserting that while employed by Martin as head mechanic he suffered a compensable accident on September 3, 1971 under The Pennsylvania Workmen's Compensation Act.[1]   After hearings were conducted,

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq. Since the incident occurred prior to the effective date of the 1972 amendments to the Workmen's Compensation Act, it was incumbent upon claimant to prove the existence of a compensable accident.

the referee found that claimant had sustained a compensable accident during the course of his employment by slipping on gravel or ashes while changing a tire. He also concluded that this caused the laminectomy surgery performed on the claimant and resulted in total disability. On appeal, the Board remanded the record to the referee to determine if the notes of testimony were complete. The parties entered into a stipulation that the transcript as filed by the reporter was to be considered the full and complete record. Once again on appeal, the Board entered an order remanding the case, by agreement of counsel for poth parties, to the referee for the taking of testimony that was not in the record.[2] A final hearing was conducted on June 2, 1975 and thereafter the referee again awarded benefits to the claimant and, on appeal, the Board affirmed.

Martin contends the finding that claimant slipped on gravel and experienced pain as a result thereof is not supported by substantial evidence. In a workmen's compensation case where the claimant prevailed below our review is limited to a determination of whether constitutional rights were violated, an error of law was committed or a necessary finding of fact was unsupported by substantial evidence, leaving to the fact finder questions of evidentiary weight and credibility and considering the evidence in light most favorable to the claimant. *Mauchly Associates v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 296, 325 A.2d 496 (1974). Also, findings of fact of workmen's compensation authorities which are supported by competent evidence will not be disturbed on appeal. *Fitterling v. Workmen's Compensation Appeal Board,* 21 Pa. Commonwealth Ct.

_____

[2] Apparently, confusion existed throughout these proceedings because at least part, if not all, of a previous hearing was unaccounted for in the notes of testimony.

67, 343 A.2d 386 (1975). Although Martin points out several inconsistencies in the record, and though we may have reached a result other than the one reached by the workmen's compensation authorities, we nevertheless find competent evidence on the record to support the award by the Board and must therefore affirm.

At the hearing on June 2, 1975, claimant testified that he slipped while attempting to throw a tire onto his pickup truck after fixing two flat tires on a Martin vehicle. The driver of the Martin vehicle, Dale Sankey, though he did not see the claimant slip at the time he was in the cab of his truck, did testify that claimant had mentioned to him at the time that he was experiencing pain as a result of slipping on the gravel. A doctor called to testify on behalf of the claimant, Dr. Woodrow Bushline, stated that in his opinion claimant's injury was as a result of the tire-changing incident. Therefore, since competent evidence exists in the record to support the findings of the workmen's compensation authorities we enter the following:

ORDER

AND NOW, this 20th day of July, 1976, the order of the Workmen's Compensation Appeal Board is affirmed; judgment is hereby entered in favor of Herman Carl List, plaintiff, and against Martin Trucking Company and Continental Insurance Company, defendants, for compensation at the rate of $60.00 per week beginning from September 3, 1971 and continuing for an indeterminate period in accordance with The Pennsylvania Workmen's Compensation Act, with interest as provided by law on unpaid installments from the due date thereof; and the defendants are further directed to pay the following medical expenses:

Bashline Hospital ..................... $1952.80