Metalstand Furniture Manufacturing Company and Public Service Mutual Insurance Co. *v.* Workmen's Compensation Appeal Board and Alfred Ackiewicz. Metalstand Furniture Manufacturing Company and Public Service Mutual Insurance Co., Appellants.

Submitted on briefs, August 20, 1976, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Joseph V. Furlong, Jr.,* for plaintiff.

*Charles S. Katz, Jr.,* with him *Swartz, Campbell & Detweiler,* for defendants.

OPINION BY JUDGE BLATT, November 9, 1976:

Alfred Ackiewicz (claimant), who was employed in the shipping department of Metalstand Furniture Manufacturing Co. (employer), allegedly suffered a back injury as a result of an accident in the course of his employment on October 4, 1971. He filed a claim petition pursuant to The Pennsylvania Workmen's Compensation Act[1] (Act) on February 1, 1973, and the referee entered an order dismissing the petition on July 21, 1975. He then appealed to the Workmen's Compensation Appeal Board (Board) which, on March 18, 1976, vacated the order of the referee, set aside his findings of fact and conclusions of law and remanded the case to the referee ''for the sole purpose of hearing additional testimony offered by either party.'' The employer has now appealed, and the claimant has filed a motion to quash the appeal.

Section 419 of the Act,[2] 77 P.S. §852, gives the Board the power to remand any matter to the referee for the purpose of making proper findings of fact, and we have construed this section as also empowering the Board to remand a case to a referee in situations where the referee's findings are not supported by competent evidence or where the referee has failed to make a finding on a crucial issue necessary for the

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

[2] Section 419 of the Act provides that

"[t]he board may remand any case involving any question of fact arising under any appeal to a referee to hear evidence and report to the board the testimony taken before him or such testimony and findings of fact thereon as the board may order. The department may refer any question of fact arising out of any petition assigned to a referee, to any other referee to hear evidence, and report the testimony so taken thereon to the original referee."

proper application of the law. *Workmen's Compensation Appeal Board v. Burke-Parsons Bowlby Corp.*, 25 Pa. Commonwealth Ct. 498, 359 A.2d 855 (1976); *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975).

It is an established rule, however, that an order of the Board remanding a case to a referee for taking additional testimony is generally interlocutory and therefore unappealable. *Harris v. No. 1 Contracting Corporation of Delaware*, 215 Pa. Superior Ct. 524, 258 A.2d 663 (1969); *Shemanchick v. M & S Coal Company, Inc.*, 167 Pa. Superior Ct. 350, 74 A.2d 764 (1950), and we have so held, *Workmen's Compensation Appeal Board v. Burke-Parsons Bowlby Corp.*, supra; *Workmen's Compensation Appeal Board v. E-C Apparatus Corp.*, 20 Pa. Commonwealth Ct. 128, 339 A.2d 899 (1975). The basis for this rule is that, in remanding a case for such a reason, the Board clearly indicates that it has not yet reached a final decision, and a reviewing court should therefore hesitate to act before the administrative process has been completed. *Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board*, 11 Pa. Commonwealth Ct. 132, 309 A.2d 831 (1973). We have reviewed such remand orders of the Board only in situations where the remand would have served no proper judicial purpose. In *Riley Stoker Corp. v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973), we vacated a remand order of the Board because a careful review of the record established that the appeal from the referee's order had not been timely filed. We also set aside a remand order of the Board in *United Metal Fabricators v. Zindash*, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973), where an examination of the record showed that no other conclusion but that of the referee could

54

be supported and that no purpose except delay would be served by a rehearing before the referee. *See also Merryman v. United States Steel Corporation*, 26 Pa. Commonwealth Ct. 569, 365 A.2d 166 (1976). Our review of the record here, however, establishes that the holdings in *Riley Stoker Corp., supra*, and *Zindash, supra*, are not applicable in this case, and that the motion to quash the appeal should therefore be granted. We express no opinion as to whether or not the remand order itself was proper. *E-C Apparatus Corp., supra*.

ORDER

AND Now, this 9th day of November, 1976, the appeal of Metalstand Furniture Manufacturing Company is hereby quashed.