Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Peter Kushner *v.* Glen Nan, Inc. and Commonwealth of Pennsylvania. Commonwealth of Pennsylvania, Appellant.

Argued June 6, 1977, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Mary Ellen Krober,* Assistant Attorney General, for appellant.

*Blythe H. Evans, Jr.,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, September 7, 1977:

The Commonwealth of Pennsylvania has appealed an order of the Workmen's Compensation Appeal Board (Board) which remanded a case to the referee for the purpose of taking additional medical testimony. Because the order is interlocutory, we will refrain from entertaining the appeal.

While the Board's authority to remand a case to the referee is limited, see *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975), our review of remand orders is even more limited. An order of the Board remanding a case to the referee for the taking of additional testimony is generally interlocutory and therefore unappealable. *E.g., Metalstand Furniture Mfg. Co. v. Workmen's Compensation Appeal Board,* 27 Pa. Commonwealth Ct. 51, 365 A.2d 672 (1976). We will review remand orders of the Board only in situations where the remand would have served no judicial purpose. *Ibid.* There are two lines of cases which fall into this category. *See Norato v. Tasty Cake Baking Co.,* 27 Pa. Commonwealth Ct. 309, 366 A.2d 1290 (1976). One line allows our consideration where appeal from the referee's award has not been timely filed. *Riley Stoker Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973). The second line of cases follows the rule set forth in *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973), that we will consider an appeal from a remand order where an examination of the record shows that no other conclusion but that of the referee could be supported and that no purpose except delay would be served by a rehearing before the referee.

A careful review of the instant record fails to reveal the timeliness problem present in the first line

of cases. Further, we believe that conclusions other than those arrived at by the referee could be supported by the record. Thus the extraordinary circumstances necessary for our review are not present. Because we must be cautious in abridging the administrative process, and we must not encourage appeals from interlocutory orders of administrative bodies under other than very unusual circumstances, *see Workmen's Compensation Appeal Board v. Borough of Ferndale*, 20 Pa. Commonwealth Ct. 269, 342 A.2d 146 (1975); *Royal Pioneer Industries, Inc. v. Workmen's Compensation Appeal Board*, 11 Pa. Commonwealth Ct. 132, 309 A.2d 831 (1973), we will grant the motion to quash the Commonwealth's appeal. We express no opinion as to whether or not the remand order itself was proper. *See Workmen's Compensation Appeal Board v. E-C Apparatus Corp.*, 20 Pa. Commonwealth Ct. 128, 339 A.2d 899 (1975).

ORDER

AND Now, this 7th day of September, 1977, the appeal of the Commonwealth of Pennsylvania in the above captioned matter is hereby quashed.

Judge KRAMER did not participate in the decision in this case.