Zelma T. Gilroy, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Holy Spirit Hospital, Respondents.

Holy Spirit Hospital, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Zelma T. Gilroy, Respondents.

Argued September 12, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Ronald M. Katzman,* with him *Goldberg, Evans & Katzman,* for Gilroy.

*Mark E. Garber, Jr.,* with him *Garber, Fowler & Addams,* for Holy Spirit Hospital.

OPINION BY JUDGE ROGERS, October 6, 1977:

While employed as a cleaning woman for the Holy Spirit Hospital (employer), Zelma T. Gilroy, claimant, suffered an injury compensable under The Pennsylvania Workmen's Compensation Act.[1] She received compensation of $56.59 per week from about October 18, 1973. On June 28, 1974, claimant's employer filed a Petition for Termination or Modification of Agreement of Award. After hearing, the referee made the following findings of fact:

4. Defendant has filed a petition for modification, averring claimant still suffers from residual disability but is able to return to work at her previous occupation as of 6-21-74.

5. The medical evidence presented [by the employer] consists of a physician's affidavit form (there is no notary's jurat affixed to the form), as well as the testimony of two doctors. The medical evidence is far from clear and definitive; however, the strain of consistency of [the employer's] medical evidence is to the effect that claimant was able to return to her pre-injury occupation in spite of the residual disability as of 6-21-74. Also consistent in the medical testimony is that the headaches which are the only residual disability this claimant presently suffers originate in tension, possibly caused by the original injury or possibly arising out of other etiology.

The referee suspended all benefits to claimant effective June 21, 1974 on the strength of these findings.

On appeal by the claimant, the Workmen's Compensation Appeal Board (Board) vacated the referee's order and remanded to the referee for clarification of the extent of claimant's "residual" disability and

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

of the availability of suitable employment in light of such disability. The Board noted that:

> The Referee has prudently restricted his Order to a *suspension* of compensation, in view of his finding conceding 'residual' disability. This implies the existence of partial disability which, should it involve loss of earning power, would make her eligible for compensation. But also, unless her former job is open to her, it brings into play the question of availability of work. Unfortunately, the record in this case contains no evidence regarding these matters, even leaving unclear the question whether her employer would rehire her. (Emphasis in original.)

Both claimant and employer have appealed the Board's remand order to this Court. Their appeals have been respectively filed to No. 1625 C.D. 1976 and No. 1657 C.D. 1976 and have been consolidated for hearing. We quash both appeals.

Generally, an order remanding a case to a referee is interlocutory and not appealable. *Vignoli v. Mathies Coal Co.*, 29 Pa. Commonwealth Ct. 1, 369 A.2d 908 (1977); *L & S Tasta Pizza, Inc. v. Lundy*, 27 Pa. Commonwealth Ct. 373, 366 A.2d 592 (1976); *Metalstand Furniture Manufacturing Co. v. Workmen's Compensation Appeal Board*, 27 Pa. Commonwealth Ct. 51, 365 A.2d 672 (1976); *Workmen's Compensation Appeal Board v. Burke-Parsons Bowlby Corp.*, 25 Pa. Commonwealth Ct. 498, 359 A.2d 855 (1976); *Workmen's Compensation Appeal Board v. E-C Apparatus Corp.*, 20 Pa. Commonwealth Ct. 128, 339 A.2d 899 (1975); *Screw & Bolt Division of Modulus v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 380, 316 A.2d 151 (1973); *Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board*, 11 Pa. Commonwealth Ct. 132, 309 A.2d 831 (1973).

The basis for this rule is that a remand order imports that no final decision has been made below.

We have made only two exceptions to the general rule, both in cases in which the remand could serve no purpose but to delay an inevitable result clear on the record. In *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973), we entertained an appeal from a remand order directing a referee to take additional evidence although the claimant's own testimony was that he had not been injured in an accident, an event then a requisite to an award, and his doctor testified that the claimant's physical problem predated the alleged, but unproved, accident. In *Riley Stoker Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973), we reviewed and vacated a remand order where the record established that the appeal to the Board from the referee's order had been untimely filed leaving it and this Court without jurisdiction of the merits.

*Riley Stoker Corp., supra,* obviously has no application to the instant case. *Zindash, supra,* is simply not in point. The Board there remanded for additional evidence on a factual issue fully explored in the record and decided by the referee in the only way it could be decided. The Board here has remanded for clarification by the referee of his phrase "residual disability" (a phrase strange to the workmen's compensation field) and for evidence of the availability of work for the claimant, a matter not explored in the referee's proceedings. A thorough review of the record impels us to conclude that a remand for these purposes would not be so futile as to render it clearly useless. *See Vignoli v. Mathies Coal Co., supra.*

We again set forth the narrow reaches of this decision, as expressed in *Royal Pioneer Ind., Inc., supra* at 135, 309 A.2d at 833:

It must be emphasized that we are not here deciding that the remand itself was proper, or that, if it were proper, what the scope of inquiry would be by the referee on remand. These are issues which either party can raise in future proceedings. We merely hold that the circumstances presented in this case are not so extraordinary as they were in Zindash, supra, and .... [Riley Stoker Corp.], supra, and so do not persuade us to consider the appeal from what is clearly an interlocutory order. We must be cautious in short-cutting the administrative process, and we must not encourage appeals from the interlocutory orders of administrative bodies. Indeed, these should be allowed only under very unusual circumstances. Accordingly, we enter the following

ORDER

AND Now, this 6th day of October, 1977, it is ordered that the appeals of Zelma T. Gilroy, filed to No. 1625 C.D. 1976, and Holy Spirit Hospital, filed to No. 1657 C.D. 1976, be and are hereby quashed.