Action Industries, Inc. and Zurich Insurance Company, Insurance Carrier, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and ABC Security, Inc., Rockwood Insurance Company, Insurance Carrier, and James Corcoran, Jr., Respondents.

James Corcoran, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, ABC Security Inc. and Rockwood Insurance Company, Insurance Carrier, Respondents.

Argued October 31, 1977, before Judges WILKINSON, JR. and ROGERS, sitting as a panel of two.

*Elmer G. Klaber,* for Action Industries, Inc. and Zurich Insurance Company.

*Richard L. McMillan,* with him *Chester S. Fossee,* for ABC Security, Inc. and Rockwood Insurance Company.

*Amiel B. Caromanna, Jr.,* with him *Alexander J. Pentecost,* for James Corcoran, Jr.

PER CURIAM OPINION, December 15, 1977:

Action Industries, Inc. and Zurich Insurance Company (Appellants) have appealed an order of the Workmen's Compensation Appeal Board (Board). Two issues were disposed of in the order. The Board decided one issue contrary to Appellants. The second issue, which dealt with the extent of the claimant's disability, was remanded to the referee for additional findings of fact and conclusions of law.

Appellant's procedure of appealing prior to the disposition of the second issue can result in appellate review of this case by installments. This the courts have never encouraged. *See International Electronics Co. v. N.S.T. Metal Products Co., Inc.,* 365 Pa. 173, 74 A.2d 168 (1950). The Board's remand order was clearly interlocutory and therefore we quash this appeal sua sponte. *See* Judge ROGERS' discussion in *Gilroy v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 152, 377 A.2d 1302 (1977).

ORDER

Now, December 15, 1977, the appeals of Action Industries, Inc. and Zurich Insurance Company and James Corcoran, Jr. are hereby ordered quashed.

PER CURIAM OPINION, January 25, 1978:

On December 15, 1977 this Court entered its order quashing the above appeals on the ground that the

order of remand in No. 2245 Commonwealth Docket 1976 was interlocutory and that both appeals should be heard at once. We now have before us an application for reargument which, *inter alia*, points out that our order could result in No. 2225 Commonwealth Docket 1976 never being argued on appeal. In order to remove any doubt that the appeal in No. 2225 Commonwealth Docket 1976 is preserved for argument we will enter the following

### AMENDED ORDER

AND Now, January 25, 1978, the application for reargument in the above matter is denied and that portion of our December 15, 1977 Order which quashed the appeal in No. 2225 Commonwealth Docket 1976 as being interlocutory is modified to the extent that said appeal in No. 2225 Commonwealth Docket 1976 will be held in abeyance pending a determination as to whether No. 2245 Commonwealth Docket 1976 is to be argued before this Court.