Williamsport Roofing Co., Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and David Powell, Respondents.

Submitted on briefs June 8, 1978, to Judges CRUMLISH, JR., BLATT and DISALLE, sitting as a panel of three.

*Charles J. Tague, Jr.,* and *Hager and Roesgen,* for petitioner.

*Anthony J. Grieco,* Law Offices—*Henry P. Perciballi,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE CRUMLISH, JR., August 17, 1978:
Williamsport Roofing Co., Inc. (Appellant) appeals the order of the Workmen's Compensation Board of Review (Board) remanding the petition of David Powell to the referee for the taking of additional evidence. Briefly, Powell petitioned to set aside a final settlement receipt which he executed in regard to injuries incurred in a work-related accident. He claimed that he was again suffering from the injurious effects of that initial accident. The referee found in Powell's favor and set aside the final settlement receipt. Upon review, the Board remanded the case to the referee because it found the medical testimony relating to the cause of Powell's current injury equivocal and desired additional evidence on that issue.

Appellant argues that this case should not be remanded since it asserts that remand would serve no

purpose because, in effect, no decision other than the one the referee *did not reach* is possible. That is, Appellant asserts that the record will not support any conclusion other than a finding that Powell's final receipt should not be set aside.

It is well settled that "an order of the Board remanding a case to the referee for the taking of additional testimony is generally interlocutory and therefore unappealable." *Workmen's Compensation Appeal Board v. Glen Nan, Inc.*, 31 Pa. Commonwealth Ct. 510, 511, 377 A.2d 208, 208-09 (1977). The courts have provided only two exceptions to that rule. The first is for appeals where the Board lacked jurisdiction because the appeal to it was not timely. *Riley Stoker Corp. v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973). This exception is not here relevant. The second exception permits this Court to consider an appeal from a remand order where an examination of the record shows that no conclusion other *than that reached by the referee* can be supported. *United Metal Fabricators, Inc. v. Zindash*, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973). In the instant case, Appellant does not argue that no other conclusion than that reached by the referee can be supported by the record since the referee found against it. Rather, it argues the reverse, that the referee's decision was incorrect and that the opposite decision was the only one that can be supported by the record. Plainly, Appellant's contention does not fall within the exceptions noted above and the Board's order was interlocutory and non-appealable.

Accordingly, we

### Order

And Now, this 17th day of August, 1978, the appeal of Williamsport Roofing Co., Inc., is quashed.