Metalstand Furniture Manufacturing Co. and Public Service Mutual Ins. Co., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Alfred Ackiewicz, Respondents.

Argued October 3, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Charles S. Katz, Jr.,* with him *Swartz, Campbell & Detweiler,* for petitioners.

*Joseph V. Furlong, Jr.,* with him *Tabas and Furlong, P.C.,* for respondents.

OPINION BY JUDGE WILKINSON, JR., October 26, 1979:

Petitioner (Employer) appeals a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision in favor of claimant following a hearing on remand. We reverse.

By order dated March 18, 1976, the Board vacated a referee's decision denying claimant's claim petition and remanded "for the sole purpose of hearing additional testimony offered by either party." This Court quashed Employer's appeal from the Board's remand

order in an opinion filed November 9, 1976.[1] Following a hearing on remand, the referee entered an award in favor of claimant. The Board affirmed, and Employer brought the instant appeal.

Employer placed on the record, at the outset of the remand hearing, its objection to the additional proceedings, arguing that the Board's remand order was erroneous making any additional administrative action a nullity. We agree.

In *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975) this Court held that the Board is powerless to order the taking of additional evidence where the findings of fact are supported by substantial evidence and no finding on a crucial issue is omitted.

We have carefully reviewed the record as it existed at the time the referee made the initial decision denying the claim petition and conclude that all necessary findings were made and are supported by substantial evidence.

The crucial factual finding of the referee reads as follows:

3. The referee is inclined to doubt the veracity of the claimant with respect to the manner in which his alleged injury occurred, and finds that any injury from which claimant suffered, especially any injury to his low back, was and is not work related with respect to his employment with defendant herein.

Similarly, Conclusion of Law No. 2 reads, "The referee concludes that the testimony of the claimant is not entitled to credibility and he therefore disbelieves the same."

---

[1] See *Metalstand Furniture Manufacturing Co. v. Workmen's Compensation Appeal Board,* 27 Pa. Commonwealth Ct. 51, 365 A.2d 672 (1976).

The referee's unique fact-finding role—resolving questions of credibility and conflicting evidence—is well known. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). The referee did not have before him the uncontradicted testimony of a claimant with no basis for questioning its truthfulness, *see Remmey Div., A.P. Green Refractories Co. v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 1, 403 A.2d 172 (1979); the veracity of claimant's explanation of the manner in which his injury occurred was called into serious question by the testimony of two fellow employees.[2]

Claimant here explained that his back injury was sustained when the weight of a table weighing approximately 300 pounds shifted suddenly as he and the two co-workers who testified were lifting it. According to claimant he was thrown to the ground in extreme pain.

The testimony of one of the co-workers was especially damaging. Because of two previous hernia operations the witness testified that he would not, at the time in question, have been lifting or assisting others in lifting such a table. The witness, when asked if he recalled an incident such as the one described by the claimant, responded:

A. I have no recollection. That's quite a long way back.

Q. If you had witnessed such an occurrence do you feel as though you would have remembered?

A. Definitely.

_____
[2] Since this case arose prior to the effective date of the 1972 amendments to The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 *et seq.* (Act of February 8, 1972, P.L. 25 and Act of March 29, 1972, P.L. 159) it was incumbent upon claimant to establish the existence of a compensable accident. *See Martin Trucking Co. v. List,* 25 Pa. Commonwealth Ct. 555, 361 A.2d 481 (1976).

The referee's doubt concerning claimant's account certainly finds support in the record.

Where the record is complete, *i.e.* substantial evidence supports the findings and the referee has made adequate findings on all crucial issues, an order of the Board remanding the case is erroneous.

Accordingly, we will enter the following

## ORDER

AND Now, October 26, 1979, the order of the Workmen's Compensation Appeal Board at Docket No. A-74916, dated November 16, 1978, is hereby vacated and the decision of the referee denying the Claim Petition presented by Alfred Ackiewicz is hereby reinstated.