Forbes Pavilion Nursing Home, Inc. and Security Insurance Company of Hartford, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Juanita Virginia Harden (Crittenden), Appellees.

Argued January 10, 1975, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Elmer G. Klaber,* for appellants.

*Alexander J. Pentecost,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, April 16, 1975:

This Court, in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973) held that without taking additional evidence The Workmen's Compensation Appeal Board (Board) lacks power on appeal to substitute its own findings of fact for those of the referee where the referee's findings are supported by substantial competent evidence. In this action, we are asked: When may the Board take additional evidence? When may the Board appoint an impartial expert witness? And when may the Board remand to another referee for the taking of such evidence?

Here the claimant petitioned to set aside the final

receipt she had executed[1] to relieve her employer, the Forbes Pavilion Nursing Home, Inc. (employer), of any further obligation for injuries sustained in an accident while in the course of her employment.[2] Referee Rossi held hearings at which both the claimant and the employer presented medical witnesses on the critical issue of whether or not she still suffered a disability. Upon this testimony, Referee Rossi dismissed the petition concluding as a fact that "all disability arising out of the original accident of March 29, 1967, ceased and terminated as of June 10, 1967, the day the claimant returned to work." The claimant appealed to the Board which ordered: "That the Findings of Fact, Conclusions of Law and Order of Disallowance of Referee Rossi be vacated and set aside and that an impartial expert be appointed to examine the Claimant and report his findings to the referee, and that the case is hereby remanded to the Referee." The Board appointed Dr. Marryshow to serve as the impartial expert referred to in its order and, on the remand to him, Referee Markovitz took the expert's testimony after he had examined the claimant. Then, apparently but not conclusively considering the entire record, Referee Markovitz made his own finding of fact that the disability still continued, drew conclusions of law and ordered that the final receipt be set aside. Again the employer appealed to the Board, which affirmed the second referee without taking any additional evidence. This appeal followed.

As always in these cases our scope of review is limited to a determination of whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were unsupported by substantial

---

1. Executed pursuant to Section 434 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1001.

2. The claimant, a nurse's aide, was injured while helping a patient from a wheelchair into bed.

evidence. *Reed v. Glidden*, 13 Pa. Commonwealth Ct. 343, 318 A.2d 376 (1974). The employer here asserts that the Board misapprehended its scope of review and authority at every stage of the proceeding.

The actions of the Board here are all governed, of course, by the 1972 amendments to The Pennsylvania Workmen's Compensation Act[3] (Act). *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). The employer charges that, inasmuch as Referee Rossi's finding are supported by competent evidence, the Board had neither the power to vacate them nor to remand the case to a second referee designated to hear the testimony of the Board-appointed impartial expert. In *Universal Cyclops,* we held that, when supported by competent evidence, the Board could not vacate findings by a referee without taking additional evidence. We must now ask whether or not the Board may order the taking of additional evidence, after vacating the referee's findings, where those findings were indeed supported by competent evidence.[4]

Section 423 of the Act, 77 P.S. §853, provides:

"Any party in interest may . . . take an appeal [from a referee's decision] to the board on the ground: (1) that the award or disallowance of compensation is not in conformity with the terms of this act, or that the referee committed any other error of law; (2) that the findings of fact and award or disallowance of compensation was unwarranted by sufficient competent evidence or was procured by fraud, coercion, or other improper conduct of any party in interest."

---

3. The Act of February 8, 1972, P.L.     (Act No. 12) and the Act of March 29, 1972, P.L.     (Act No. 61).

4. Research discloses at least one instance in which the Board did take such action, however this issue was not raised. *Lebanon Steel Foundry v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 530, 317 A.2d 315 (1974).

Section 423 continues:

"In any such appeal the board may disregard the findings of fact of the referee if not supported by competent evidence *and* if it deem proper may hear other evidence, and may substitute such findings of fact as the evidence taken before the referee and the board . . . may, in the judgment of the board, require. . . ." Section 423 of the Act, 77 P.S. §854 (Emphasis added.)

As we review the 1972 amendments in their entirety, and the language of the above section concerning appeals independently, we are convinced that the General Assembly intended to accord finality to a referee's determination and to establish the Board as merely a body of appellate review. In fact the Act specifically defines that Board as a body "exercising its powers and performing its duties as an appellate board independently of the Secretary of Labor and Industry and any other official of the department." Section 401 of the Act, 77 P.S. §701. The General Assembly, we believe, has now divested the Board of its former power to make an independent determination of the facts. It follows, therefore, that the General Assembly clearly intended, by using the conjunctive "and", emphasized above, rather than the disjunctive "or", in describing the Board's powers to indicate that, if the Board finds that the referee's decision is supported by competent evidence, it cannot take additional evidence and substitute its own findings of fact for those of the referee.

It is true, of course, that the Board rarely takes additional evidence.[5] More often, when it has believed such evidence necessary, it has appointed an impartial medical expert to examine the claimant and remanded the case to a referee, as it did here. There is no indication,

---

5. In *Lebanon Steel Foundry v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 530, 317 A.2d 315 (1974), we held that the Board took additional evidence where at argument the Board personally viewed the injured finger of the claimant.

however, that the Board has ordered such action only where the referee's findings have not been supported by competent evidence. On the contrary, the Board has apparently ordered these remands where in its own judgment the weight accorded the evidence by the referee has not convincingly resolved factual issues. On at least two prior occasions we have deferred determination of the validity of such action by the Board. *Screw & Bolt Division of Modulus v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 380, 316 A.2d 151 (1974) ; *Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 132, 309 A.2d 831 (1973). And on other occasions the appellant concerned has failed to challenge the Board's power to take such action. *See, Periodical Press Corporation v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 340, 331 A.2d 605 (1975). *Tioga Textiles Associates, Inc. v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 492, 319 A.2d 211 (1974). Now, however, we must ask whether or not we may recognize such action as authorized independently and not on the basis of the Board's power to take additional evidence.

Section 420 of the Act, 77 P.S. §831, empowers the referee, the department or the Board to appoint impartial experts.[6] This authority, it should be noted, is

---

6. "The board, the department or a referee, if it or he deem it necessary, may, of its or his own motion, *either before, during, or after any hearing,* make or cause to be made an investigation of the facts set forth in the petition or answer or facts pertinent in any injury under this act. The board, department or referee may appoint one or more impartial physicians or surgeons to examine the injuries of the plaintiff and report thereon, or may employ the services of such other experts as shall appear necessary to ascertain the facts. The report of any physician, surgeon, or expert appointed by the department or by a referee shall be filed with the board or referee, as the case may be, and shall be a part of the record and open to inspection as such." Section 420 of the Act, 77 P.S. §831. (Emphasis added.)

included, not within those provisions of the Act describing the appellate powers of the Board, but rather within those sections describing the fact finding powers of the referee, the department, and the Board. It, therefore, provides no special exception to the Board's scope of appellate review, and consequently would apply only where the Board may make independent factual findings: i.e., where the referee's findings are not supported by competent evidence and it becomes proper for the Board to take additional evidence.

It is, of course, true that Section 419 of the Act, 77 P.S. §852 empowers the Board to remand "any case involving any question of fact arising under any appeal" to a referee to hear evidence.[7] Appeals from a referee's decision, however, do not ordinarily involve questions of fact, for the appellant *cannot* raise such questions unless the referee's findings are not supported by competent evidence, Section 423 of the Act, 77 P.S. §853; or unless the referee failed to make a finding on a crucial issue necessary for the proper application of the law. *Joseph Horne Co. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 419, 327 A.2d 395 (1974). In order, therefore, to establish continuity among the various sections of the Act and to assure compliance with the intent of the General Assembly, we must construe Section 419 of the Act as empowering the Board to remand a case to a referee only in those limited situations just described where the Board has express authorization as an appellate body to take action to resolve questions of fact.

---

7. "The board may remand any case involving any question of fact arising under any appeal to a referee to hear evidence and report to the board the testimony taken before him or such testimony and findings of fact thereon as the board may order. The department may refer any question of fact arising out of any petition assigned to a referee, to any other referee to hear evidence, and report the testimony so taken thereon to the original referee." Section 419 of the Act, 77 P.S. §852.

Turning to the facts of the instant case, we must observe that the claimant, on a petition to set aside a final receipt, had the burden of proving conclusively that all disability due to the accident had not in fact terminated. *Maciupa v. Union Switch & Signal,* 13 Pa. Commonwealth Ct. 126, 317 A.2d 901 (1974). At the hearing before Referee Rossi the claimant offered her own testimony as well as the testimony of two physicians who had examined her prior to the hearings. The Employer offered the testimony of Dr. Markle, the physician who first examined the claimant and the one who treated her after the accident. Dr. Markle testified unequivocally that the claimant no longer suffered from any disability as a result of the accident. Although we or the Board might believe that the testimony of the other two examining physicians cast doubt upon the certainty of Dr. Markle's opinion, it was for the referee as the fact finder to judge credibility and determine the weight to be accorded the conflicting evidence. *Williams v. San Giorgio Macaroni, Inc.,* 13 Pa. Commonwealth Ct. 386, 319 A.2d 434 (1974). The claimant, of course, had the burden of proof, but we do not believe that Referee Rossi's finding that the disability had ceased constituted an abuse of his discretion; the competent evidence of Dr. Markle clearly supported his conclusion. Under our holding here, therefore, the Board had no power to disturb Referee Rossi's findings either by taking additional evidence itself, or by appointing an impartial expert and remanding the case to a second referee for new factual findings. Such action is entirely outside the Board's appellate scope of review.

It follows, therefore, that the decision of Referee Rossi must be reinstated and reviewed, and our review persuades us that his findings of fact, conclusions of law, and order have correctly solved the simple issues involved in this termination petition. We, therefore, issue the following

ORDER

AND NOW, this 16th day of April, 1975, the appeal by the Forbes Pavilion Nursing Home, Inc. and Security Insurance Company of Hartford, is hereby sustained and the decision of Referee Rossi is reinstated and affirmed.