Workmen's Compensation Appeal Board and Alice Tischler v. Gimbel Brothers, Appellant.

Argued April 4, 1975, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

Roger B. Wood, with him David L. Pennington and Harvey, Pennington, Herting & Renneisen, Ltd., for appellant.

Herbert H. Hadra, with him Maurice Freedman, for appellees.

OPINION BY JUDGE CRUMLISH, JR., May 23, 1975:

This is a direct administrative appeal by an employer from an order of the Workmen's Compensation Appeal Board affirming the grant of total disability to claimant pursuant to a modification petition. The factual genesis is as follows:

On January 24, 1964, Gimbel Brothers (Appellant) and Alice Tischler (Appellee) entered into a compensation agreement providing for total disability payments for an accident sustained by Appellee in the course of her employment which resulted in a traumatic synovitis of Appellee's left hip. This agreement was superseded by a supplemental agreement which reflected Appellee's return to work at a loss of earning power from March 23, 1964 until June 4, 1964, at which time she again became totally disabled. Appellant filed a termination petition on August 18, 1965, alleging a refusal of reasonable medical care. This petition was resolved by a referee's award of June 21, 1966, based upon a stipulation of the parties, granting Appellee maximum partial disability payments for a period of 350 weeeks. On November 22, 1971, Appellee filed a petition to modify this award under the second paragraph of Section 413 of the Pennsylvania

Workmen's Compensation Act,[1] alleging a change in her disability to total as of October 1971. Following three hearings, the referee granted the modification, and on appeal the Workmen's Compensation Appeal Board affirmed. This appeal followed, and we affirm.

Our review in appeals of this nature where the party with the burden of proof has prevailed below[2] is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact made by the referee was not supported by substantial evidence. *Banks v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 373, 327 A.2d 404 (1974).[3]

Appellant's principal argument here is that Appellee failed to establish an increase in her disability after the date of the referee's award for partial disability in 1966 as required by Section 413 because her medical witness testified that he was of the opinion that Appellee was totally disabled prior to the 1966 award and that she continues to be totally disabled. The witness also testified, however, that Appellee's general physical condition had deteriorated *since* the 1966 award. We find *Redwood Enterprises v. Darabant*, 7 Pa. Commonwealth Ct. 421, 298 A.2d 675 (1973) to be controlling on this point. In

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772.

2. As the moving party, Appellee had the burden of proving a change in the extent of her disability. *See Tioga Textiles Associates, Inc. v. Workmen's Compensation Appeal Board*, 13 Pa. Commonwealth Ct. 492, 319 A. 2d 211 (1974); *Sherred v. Pittsburgh*, 7 Pa. Commonwealth Ct. 401, 299 A. 2d 381 (1973).

3. We dismiss Appellee's motion to quash the instant appeal as untimely filed as the docket reveals that the appeal and exceptions were mailed to this Court on the twentieth (20th) day following the mailing of the Workmen's Compensation Appeal Board's order as required by Section 427, *as amended*, 77 P.S. §873 (1974-1975 Supp.) *See General v. E. Roseman Co.*,      Pa.     , 336 A. 2d 287 (1975).

*Redwood,* an award had been entered in 1967 which was based upon a stipulation of the parties that the claimant was 50% disabled. The claimant subsequently filed a modification petition claiming a change in her condition to totally disabled. Similarly, her physician was of the opinion that claimant was totally disabled at the time of the prior award as she was when the petition to modify was heard, but that her condition had worsened since the prior award. We held this evidence of deterioration in condition since the prior award to be sufficient to sustain the modification. Appellant contends that *Redwood* was erroneously decided because it is inconsistent with the firmly established principle that a modification proceeding may not be used to relitigate the percentage of disability determined by a prior award, and thus the evidence of extent of disability must relate to a change in claimant's condition after the date of the award. *See Airco-Speer Electronics v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 539, 333 A.2d 508 (1975) ; *Banks v. Workmen's Compensation Appeal Board, supra; E. R. Reed Contractor Co., Inc. v. Keener,* 7 Pa. Commonwealth Ct. 580, 300 A.2d 847 (1973). *Redwood* and the instant case are plainly distiguishable from that authority since in both there is competent evidence of a deterioration in the claimant's condition *since* the last award, and the medical witness's opinion of the claimant's extent of disability at the time of the prior award is merely incidental thereto.

Nor are we persuaded by Appellant's argument that there is not substantial evidence to establish a causal relationship between the cause of Appellee's present total disability—herniated disc between L-4, L-5 and L-5, S-1- and her accident in 1963. As will be recalled, the original compensation agreement entered in 1964 described the result of Appellee's accident as "traumatic synovitis of the left hip," *i.e.,* the inflammation of the smooth con-

necting tissue or synovial membrane of the joint.[4] During the hearing on Appellant's termination petition in 1965, however, the medical witnesses for both parties were apparently in agreement that Appellee's injury had resolved to a herniated disc.[5] We find substantial evidence of a causal relationship between this condition and the Appellee's 1963 injury in the testimony of Appellee's doctor that the original diagnosis was an "admitting" diagnosis which had not been substantiated. Additionally, *Appellant's* medical witness testified, in response to question of whether the degenerative changes evident in Appellee's x-rays could be attributed to the healing process of the disc, that he could not discount the trauma which occurred in the 1963 accident. Appellant's medical witness opined that the disc had not herniated but that it was merely bulging, and that Appellee's condition had improved since the 1966 award. It was within the referee's prerogative to accept the diagnosis of Appellee's medical witness, and we find his testimony to constitute substantial evidence sufficient to sustain Appellee's burden of proof.

## ORDER

AND NOW, this 23rd day of May, 1975, the appeal of Gimbel Brothers and its insurance carrier, Security Mutual Insurance Company, is dismissed, and Gimbel Brothers and/or Security Mutual Insurance Company are directed to pay Alice Tischler compensation for total disability at the rate of $31.10 per week from October 31, 1971 into the indefinite future, together with interest at

---

4. Gray, *Attorneys' Textbook of Medicine*, (3rd Ed. 1975), ¶41.01.

5. Although the notes of testimony from the hearings on the 1965 termination petition are not before us, a report of Appellant's medical witness submitted during the prior proceeding was read into the record in the instant proceeding which indicated his diagnosis of Appellee's disabling condition at that time.

the rate of six per cent (6%) per annum on all deferred payments of compensation, and subject to a credit for all payments under the June 21, 1966 award made after October 31, 1971, all within the meaning and limitations of the Workmen's Compensation Act.