Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Lucille Jordan, Widow of Russell E. Jordan, *v.* Borough of Ferndale, Appellant.

Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Lucille Jordan, Widow of Russell E. Jordan, *v.* Borough of Ferndale, Appellant.

270

Argued May 9, 1975, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Robert G. Rose*, with him *Spence, Custer, Saylor, Wolfe & Rose*, for appellant.

*Patrick A. Gleason,* with him *Gleason, DiFrancesco, Shahade & Markovitz,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE KRAMER, July 15, 1975:

This is an appeal by the Borough of Ferndale (Ferndale) from two orders of the Workmen's Compensation Appeal Board (Board), both dated December 14, 1974. These orders affirmed a referee's awards of compensation for disability and death benefits to Lucille Jordan (Jordan) widow of Russell E. Jordan.

The alleged accident occurred on August 26, 1965, when Russell Jordan, acting in his joint capacity as a volunteer fireman and as Ferndale's Chief of Police, answered a fire call near his home. While alighting from Ferndale's fire truck, Chief Jordan felt a "click" in his neck, which was followed immediately by excruciating pain in his head and neck. After returning to his home, Chief Jordan experienced such severe pain that he required hospitalization that same evening; he was never able to fully resume his duties.

While Chief Jordan was hospitalized, his doctors discovered a malignancy which, although originating in his kidney, had metastasized and reached the first cervical vertebrae, causing severe pain. Chief Jordan succummed to cancer on December 10, 1966, having filed a claim for disability benefits. His widow subsequently filed a fatal claim petition.

The principal factual issue before the referee involved the causal relationship, if any, between Chief Jordan's act in alighting from the fire truck and his subsequent disability and death. Five physicians testified on this issue, four of whom were offered by the defendant Ferndale. All four of Ferndale's medical witnesses stated unequivocally that in their considered medical judgment Chief Jordan's disability and death were due to the carcinoma which was neither caused nor aggravated by his actions on the day of the fire.

The referee accepted the opinion of these experts and found that "[t]he fact that [Chief Jordan] experienced pain, resulting in the discovery of his previous existing underlying and undiagnosed carcinoma of the neck was merely coincidental with, and not caused by, the incidents of August 26, 1965." Accordingly, the referee made the following conclusions of law on the disability claim:

"1. Claimant was not involved in an industrial accident.

"2. Claimant's disability was not caused or aggravated by the incidents occurring on August 26, 1965.

"3. Claimant's disability was not caused or aggravated by any industrial accident."

Similar findings and conclusions were made by the referee on the death claim, and benefits were disallowed in both cases.

On appeal the Board remanded for new "Findings of Fact, Conclusions of Law and an Award" not inconsistent with its opinion. This action by the Board was unquestionably based upon the following exerpt from the Board's opinion:

"A number of physicians testified in this case, and as' expected, a conflict in the medical testimony is apparent in the record. *We have reviewed the medical evidence carefully and accept the evidence of Dr. James Sutton Davis, a board certified neuro-surgeon, as credible.* According to this physician, the twisting which the Claimant described in this testimony was the cause of Jordan's total disability and from that evidence, we infer that the act of twisting his neck, hastened and accelerated Russell's demise." (Emphasis added.)

The Board's remand on both claims was ordered on December 14, 1972, more than six months after the effective date of our decision in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176,

183, 305 A. 2d 757, 761-62 (1973). It follows that the instant case is controlled by *Cyclops* and our recent opinion in *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975), where we explicitly held that the Board may not remand to the referee on factual questions unless, in the exercise of its appellate function, the Board finds that the referee's original findings are not supported by competent evidence. 18 Pa. Commonwealth Ct. at 358, 336 A.2d at 445. In the instant case there is absolutely no doubt that the referee had before him sufficient evidence to justify his original disallowance, and the Board's remand was, therefore, in error.

In light of the Board's opinion, on remand, the referee found for the claimant on both claims and awarded compensation. These awards were affirmed by the Board and are now before us. Jordan, anticipating that her position might be precarious in light of *Cyclops,* argues that Ferndale's failure to appeal the remand orders of December 14, 1972, preclude it from raising the *Cyclops* issue now. We find no merit in this contention and note that a close examination of *Cyclops* indicates that we there held that in all cases after May 1, 1972 in which the Board acted as fact finder without taking additional evidence it was exceeding its scope of review. From the large number of cases since *Cyclops* which have required reversal, we observe that our interpretation of the 1972 amendments to the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., was obviously unanticipated. Ferndale should not be prohibited now from pressing its position before this Court.

Jordan cites *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A. 2d 708 (1973) in support of her contention that Ferndale is too late to complain about the Board's error. *United Metal Fabricators* did not hold that a party in Ferndale's position

*must* appeal the Board's action, but rather that, in circumstances where the record is complete enough to preclude a remand for additional evidence pursuant to the Board's appellate authority, an appeal *may* be taken, as though the remand were a final order. What we said in *Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 132, 135, 309 A. 2d 831, 833 (1973) is applicable here:

"It must be emphasized that we are not here deciding that the remand itself was proper, or that, if it were proper, what the scope of inquiry would be by the referee on remand. *These are issues which either party can raise in future proceedings.* We merely hold that the circumstances presented in this case are not so extraordinary as they were in Zindash, supra, and Jeeter, supra, and so do not persuade us to consider the appeal from what is clearly an interlocutory order. We must be cautious in short-cutting the administrative process, and we must not encourage appeals from the interlocutory orders of administrative bodies. Indeed, these should be allowed only under very unusual circumstances." (Emphasis added.) *See also, Screw & Bolt Division of Modulus v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 380, 316 A. 2d 685 (1974).

In light of the above, we

ORDER

AND NOW, this 11th day of September, 1975, it is hereby ordered that the orders of the Workmen's Compensation Appeal Board in the above-captioned matter, dated December 15, 1974, affirming a referee's award of benefits to Lucille Jordan, are reversed, and claim petitions numbers 188,428 and 199,690 are dismissed.

(Original order of July 15, 1975 vacated.)