Commonwealth of Pennsylvania, Robert Suppan and Workmen's Compensation Appeal Board *v.* Fuller Company and American Motorists Insurance Co., Appellants.

Argued April 4, 1977, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*Thomas F. McDevitt,* for appellants.

*Morris Mindlin,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, JR., April 29, 1977:

On February 29, 1972, claimant-appellee during the course of his employment fell and fractured his right femur. Prior to that time (and since) he has had Paget's disease. He was placed in a full body cast, with his legs "spread eagled," for approximately 4 months. He was then fitted for and has since worn a brace to prevent refracturing because the Paget's disease rendered his bones more brittle. After paying compensation under an agreement dated March 14, 1972 and received by the Workmen's Compensation Appeal Board (Board) on April 3, 1972, appellants filed a Petition for Termination on February 26, 1973. In this petition it is alleged that claimant-appellee was completely recovered from the accident of February 29, 1972, as of January 31, 1973, and that any continuing disability was unrelated and unconnected to the accident.

The key issue in this case is whether there was medical testimony offered before the first referee to support the conclusion that the February 29, 1972 accident and its proper treatment aggravated the pre-existing Paget's disease thus causing claimant-appellee's present disability.

At the hearing before the first referee claimant-appellee offered medical testimony from two witnesses, one his family physician and the other an osteo-

pathic physician with a specialty of orthopedics. Appellants offered one medical witness, an orthopedic surgeon who treated claimant-appellee at the time of his injury. The first referee dismissed appellants' petition for termination, finding that claimant-appellee had not recovered satisfactorily from the accident, that the injury aggravated and seriously worsened the previous Pagetoid condition and that he remained disabled as a direct and causal result of the injury.

On appeal to the Board the first referee's decision was set aside and the case was remanded for an impartial expert to be appointed due to the conflict in the medical testimony.

At the rehearing to take the testimony of the impartial medical expert, counsel for claimant-appellee placed on record his objection to the remand citing our decision in *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975). In that case we decided that it was improper for the Board to remand to resolve a conflict in the medical testimony that had been resolved by the referee if there was medical testimony to support the referee. The objection was overruled and the impartial medical expert supported the testimony of appellants' witness. Based on this testimony the second referee sustained the petition for termination. On appeal to the Board, the remand was set aside, and the first referee's decision reinstated on the grounds that our decision in *Forbes Pavilion, supra,* was controlling and made the remand improper. This appeal followed. We affirm.

Able counsel for appellants does not challenge *Forbes Pavilion, supra,* as subsequently followed by this Court in *Workmen's Compensation Appeal Board v. E-C Apparatus Corp.,* 20 Pa. Commonwealth

Ct. 128, 339 A.2d 899 (1975) and *Workmen's Compensation Appeal Board v. Morton,* 22 Pa. Commonwealth Ct. 577, 349 A.2d 773 (1976). Rather, he resourcefully argues that, contrary to the reason given by the Board in its opinion at the time of the remand that it was to resolve a conflict in the medical testimony, the remand was justified on the grounds that the first referee's necessary findings of fact were not supported by the testimony. Our careful review of the record, assisted by the well prepared briefs, leads us to conclude that there is direct medical testimony in the record of the first referee, albeit contradicted, that claimant did not recover satisfactorily from the first injury and that the first injury and its treatment aggravated and worsened the preexisting condition. The fact that the first referee may not have found as he did, and the second referee did not so find with the benefit of the testimony of the impartial expert, does not alter the situation.

Accordingly, we must affirm the Board's decision.

### ORDER

AND Now, April 29, 1977, the order of the Workmen's Compensation Appeal Board in Docket No. A-71046, filed May 27, 1976, setting aside its remand order, reinstating and affirming the determination of the first referee, dated September 30, 1974, which dismissed the petition for termination, and vacating the determination of the second referee, dated December 12, 1975, is affirmed.