Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Mary Ann Kosarski Caldwell *v.* Mellon National Bank & Trust Co. and Liberty Mutual Insurance Company, Insurance Carrier, Appellants.

Submitted on briefs, June 6, 1977, to Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Thomas J. Ferris,* for appellants.

*Alexander J. Pentecost,* for appellee.

OPINION BY JUDGE WILKINSON, JR., July 14, 1977:

This appeal arises from an order of the Workmen's Compensation Appeal Board (Board) modifying a compensation agreement and granting claimant total disability benefits. We affirm.

The facts of this long and tortuous litigation relevant to this appeal follow. Claimant sustained an injury to her lower back on June 28, 1962, while in the course of her employment for the appellant. The parties entered into a compensation agreement awarding claimant total disability benefits. On November 8, 1967, appellant filed a petition to modify the agreement and on October 17, 1968, after a hearing, the referee modified the agreement to provide benefits for a 60% partial disability. On October 22, 1973, claimant filed a petition to review the compensation agreement alleging that she had again become totally disabled. A hearing was held and the referee modified the agreement granting claimant total disability benefits. The Board affirmed and this appeal was filed. At issue is whether substantial evidence exists in the record to support the award.

We believe that there is substantial competent evidence of the deterioration of claimant's condition in the testimony of claimant's expert medical witness. The witness testified that claimant suffered from increased pain, that her movement was more restricted than before and that in his opinion, claimant's condition was definitely worse than it had been in 1968. Appellant contends, however, that because claimant's expert also testified that he believes that claimant has been totally disabled continuously since 1962, that claimant has not met her burden of proving an increased disability. It is argued that claimant is attempting to relitigate the question of disability—which is not permitted in a modification proceeding. *Airco-Speer Electronics v. Workmen's Compensation Appeal*

70

*Board,* 17 Pa. Commonwealth Ct. 539, 333 A.2d 508 (1975). Such an argument fails, however, when, as here, there is competent evidence of a deterioration in claimant's condition *since* the last award. *Workmen's Compensation Appeal Board v. Gimbel Brothers,* 19 Pa. Commonwealth Ct. 176, 338 A.2d 755 (1975) is on point and controlling. Judge CRUMLISH's opinion in that case makes further discussion unnecessary.

Accordingly, we will enter the following

ORDER

Now, July 14, 1977, the order of the Workmen's Compensation Appeal Board, dated May 11, 1976, at A-70836, is affirmed.