Bethlehem Mines Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Theodore Sworcheck, Respondents.

Argued March 3, 1978, before President Judge BOWMAN and Judges ROGERS and DiSALLE, sitting as a panel of three.

*Gary L. Sweat,* with him *Stephen I. Richman, Karl T. Skrypak,* and *Greenlee, Richman, Derrico & Posa,* for petitioner.

*Benjamin L. Costello,* with him *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE ROGERS, April 3, 1978:

Bethlehem Mines Corporation (Bethlehem) has filed a petition for review of an order of the Work-

men's Compensation Appeal Board (Board) affirming an award by a referee to Theodore Sworcheck.

On July 18, 1974, Sworcheck filed a claim petition with the Bureau of Occupational Injury and Disease Compensation alleging total disability as a result of black lung disease (coal workers pneumoconiosis). At the hearings held before the referee on November 15, 1974 and January 17, 1975, Sworcheck submitted into evidence, over objections of Bethlehem, a medical examination report prepared by Dr. C. Charles Iannuzzi stating that Sworcheck was "permanently and totally disabled due to coal worker's pneumoconiosis and that this condition [was] the result of his exposure to dusts while working in the coal mines." Bethlehem likewise submitted into evidence, over objections of Sworcheck's counsel, a medical examination report by Dr. John W. G. Hannon concluding "[t]here is no objective evidence that Mr. Theodore Sworcheck is totally and permanently disabled from coal miners' pneumoconiosis." After the hearings, each counsel for Sworcheck and Bethlehem agreed to withdraw his objections to the admission of the other's medical report. The referee, by his order of March 27, 1975, concluded that Sworcheck had proven "by competent testimony that he has sustained an injury (occupational disease) arising in the course of his employment and related thereto. . . ." The referee then awarded Sworcheck workmen's compensation benefits at the rate of $106.00 per week, 25% of which to be paid by Bethlehem and 75% by the Commonwealth. The Commonwealth and Bethlehem appealed to the Board but the Commonwealth subsequently withdrew its appeal. Bethlehem also filed a petition to have an impartial medical examiner appointed by the Board. By its order of June 30, 1975, the Board vacated and set aside the referee's findings of fact, conclusions of law and order and remanded the record to the referee for the purpose of

taking testimony from an "impartial physician." The Board's order went on to designate and appoint J.D. Silverman, M.D. "as the impartial medical expert to examine the Claimant, thoroughly review all previous medical reports of record, and to report his findings accordingly."

Unhappy with the Board's choice of medical expert, Bethlehem filed a "petition to have appointed a new and different impartial medical expert to replace J. D. Silverman, M.D." The petition essentially alleged that Dr. Silverman was not a certified specialist in any recognized field of medicine and that he was biased in favor of Sworcheck because he was affiliated with Sworcheck's union. The Board, by its order of November 17, 1975, dismissed Bethlehem's petition without hearing "for the reason that Dr. Silverman [was] a qualified physician."

Prior to the remand hearing before the referee, Bethlehem served a subpoena on Dr. Silverman directing him to produce records and information by which Bethlehem hoped to establish bias in favor of Sworcheck and his union. The referee quashed this subpoena for reasons that the requested records were irrelevant to the proceedings before him and constituted a collateral attack on the Board's order of November 17, 1975. At the hearing, Bethlehem's counsel asked the referee whether he was "precluded from interrogating or making an inquiry about the question of the partiality or impartiality of Dr. Silverman." In reply, the referee reiterated his reasons for quashing Bethlehem's subpoena. After the hearing, the referee, by his order of October 26, 1976, again found in favor of Sworcheck and reinstated his prior award. The Board affirmed without taking additional evidence.

Our scope of review is limited to a determination of whether constitutional rights were violated, errors

of law were committed, or necessary findings of fact were unsupported by substantial evidence. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975).

Bethlehem says that it was denied a fair hearing before the referee on remand from the Board because it was not permitted effectively to assail the credibility of Dr. Silverman by demonstrating his bias or partiality in favor of Sworcheck. Bethlehem therefore asks us to remand this case for additional hearing where it may pursue the issue of Dr. Silverman's bias. We agree with Bethlehem that a party should be permitted to challenge the impartiality of an expert witness before the referee. The referee is the finder of fact and it falls on him to weigh the credibility of expert testimony. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board, supra.* Any bias or partisanship on the part of such a witness is relevant evidence going to his credibility. *Redevelopment Authority of the County of Bucks v. Asta*, 16 Pa. Commonwealth Ct. 78, 329 A.2d 300 (1974). We cannot, however, grant the relief requested by Bethlehem since the second hearing before the referee for the purposes of taking testimony from Dr. Silverman should never have been ordered by the Board.

Where a referee's findings of fact are supported by competent evidence and the findings in turn support his conclusion of law, the Board has no power to disturb the referee's findings either by taking additional evidence itself or by appointing an impartial expert and remanding the case for new factual findings. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board, supra.* See also *Workmen's Compensation Appeal Board v. Borough of Ferndale*, 20 Pa. Commonwealth Ct. 269, 342 A.2d 146 (1975). The unobjected to medical report pre-

pared by Dr. Iannuzzi containing his opinion that Sworcheck was permanently and totally disabled from coal workers pneumoconiosis was competent evidence supporting the referee's award. The Board therefore improperly vacated the referee's order following the first hearing and erred in remanding the record for additional testimony of an asserted impartial medical expert. As we have said, through Judge BLATT, in *Forbes Pavilion, supra*:

> [T]he Board had no power to disturb [the referee's] findings either by taking additional evidence itself, or by appointing an impartial expert and remanding the case to a . . . referee for new factual findings. Such action is entirely outside the Board's appellate scope of review.

18 Pa. Commonwealth Ct. at 359, 336 A.2d at 445.

Accordingly, we enter the following

ORDER

AND Now, this 3rd day of April, 1978, it is ordered that the order of the Workmen's Compensation Appeal Board affirming the referee's order of October 26, 1976 be and is hereby reversed, and the referee's first order of March 27, 1975 be and it is hereby reinstated.

It is further ordered that Bethlehem Mines Corporation and the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation pay compensation to Theodore Sworcheck at the rate of $106.00 per week beginning on July 2, 1974.

Of the said weekly amount of $106.00, it is further ordered that the Commonwealth of Pennsylvania shall be liable for the payment of seventy-five (75) percent thereof or in the amount of $79.50, and Bethlehem Mines Corporation shall be liable for the payment of

twenty-five (25) percent thereof or in the amount of $26.50 per week.

The above award against Bethlehem Mines Corporation only shall bear interest on all deferred payments of compensation at the rate of ten percentum per annum.