Atlas Chain & Precision Products, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Stanley Grochal, Respondents.

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Joseph P. Lenahan*, with him *John R. Lenahan, Jr.*, and *Lenahan, Dempsey, Murphy & Piazza*, for petitioner.

*William R. Keller*, with him *Theodore A. Evans*, for respondent.

OPINION BY JUDGE WILKINSON, JR., April 24, 1979:

In this case, petitioner (employer) appeals an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision on remand which denied the employer's termination petition and reinstated benefits to respondent (claimant). We reverse.

Claimant sustained a work-related injury on September 12, 1973 for which the parties executed a compensation agreement. On November 12, 1975, employer filed a second petition for termination.[1] The only testimony offered at the July 1, 1976 hearing on this second petition was that of claimant's treating physician who testified the claimant continued to be disabled from lumbar disc syndrome. As it turned out, the employer's medical witness, an orthopedic surgeon, was unable to attend the hearing necessitating the taking of his deposition. In sharp contrast to the treating physician's testimony the orthopedic surgeon expressed his opinion that claimant did not suffer from the ef-

---

[1] The employer had previously filed a petition for termination which was denied by an order of the same referee dated April 22, 1975.

fects of any continuing disability and could return to his previous employment situation. The referee's August 19, 1976 decision granted the petition for termination effective November 3, 1975.

In his appeal to the Board from the decision terminating compensation, claimant contended among other things that he had not had an opportunity to be heard and had been misled into waiting to present additional evidence. The Board remanded the case to the referee "to permit the presentation of additional testimony. . . ."[2] On remand the referee reinstated benefits and the Board affirmed.

Since we are in agreement with employer's position that the Board improperly ordered this case remanded we will not address any other issues raised in the petition for review.

The case of *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975) establishes the rule that the Board lacks authority to remand where all necessary findings of fact made by a referee are supported by substantial competent evidence. Our review of the record in this case leaves us with no doubts concerning the legal sufficiency of the referee's findings and the evidence presented in their support.

---

[2] As additional support for its finding that the claimant had been misled the Board noted in its remand order that "ten days before the Referee issued his decision, the Appellant [claimant] wrote the Referee specifically asking for an opportunity to present additional evidence, and also offering to submit to a myelogram to furnish objective evidence." We have carefully examined the record and have been unable to locate such a letter or any other credible evidence suggesting its existence, so we will make our decision on the basis no such letter was sent·to the referee. In this regard it is interesting to note that the claimant did not submit results of a myelogram and the physician who testified for claimant did so on the basis of his examination in March, 1977 a month or more *after* the remand order.

The Board was cognizant of the general rule when it stated in the opinion accompanying its remand order, "On the face of it, this appears to be the usual case of a conflict of medical evidence which the Referee has resolved in favor of one of the parties, as would be his right." However, the opinion attempts to justify the decision to remand by explaining that the claimant had "no opportunity to testify" because the referee "prematurely" closed the record in the case misleading the claimant, albeit unintentionally, as to his opportunity to present additional testimony at a later time.

We have carefully examined the record in vain for any evidence substantiating the Board's rationale; there is simply no indication of anything which could have justifiably misled the claimant.

The claimant was present with counsel at the July 1, 1976 termination hearing. There is nothing in the transcript of that hearing which suggests the claimant did not at that time have a full opportunity to offer any evidence he desired. The claimant's physician testified, and it was determined that the employer's medical testimony would have to be submitted by way of deposition on July 13, 1976. The claimant did not then indicate a desire to offer further evidence of any sort.

The statements of the referee at the hearing clearly negate any suggestion that claimant may have been misled. In apparent solicitude for the needs of claimant whose benefits had previously terminated the referee stated, "I realize the need to get these cases done. This Claimant is still receiving compensation?" The claimant's attorney responded, "No not since December—excuse me, November 3, 1975." An additional indication of the referee's position on this point is revealed in his instruction to employer's attorney to "[g]et it [the physician's deposition] to me and we will be in a position to conclude the matter."

In light of the referee's clear intention to conclude the case as swiftly as possible, a belief on the part of claimant that a future opportunity to offer testimony was to be accorded him is unreasonable and insufficient to persuade us of the inapplicability of *Forbes Pavilion*.

Accordingly, we will enter the following

### ORDER

AND Now, April 24, 1979, the order of the Workmen's Compensation Appeal Board, dated March 2, 1978 at Docket No. A-73760 affirming a referee's decision reinstating total disability compensation to claimant, Stanley Grochal, is hereby reversed and the petition for termination filed by employer, Atlas Chain & Precision Products is granted as of November 3, 1975.