New Enterprise Stone and Lime Co., Inc. and Pennsylvania Manufacturers' Association Insurance Company, Petitioners v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Wallace T. Harclerode, Respondents.

Argued February 8, 1979, before Judges WILKIN-SON, JR., MENCER and CRAIG, sitting as a panel of three.

*David P. Andrews,* with him *Patterson, Evey, Routch, Black & Behrens,* for petitioners.

*Walter Marian,* for respondents.

OPINION BY JUDGE MENCER, May 2, 1979:

On April 11, 1969, Wallace T. Harclerode (claimant), during the course of his employment, was in a truck accident, as a result of which he sustained a cerebral concussion and a contusion of his back. Workmen's compensation payments were made to the claimant pursuant to a compensation agreement from April 12, 1969 to May 12, 1969, when claimant returned to work.

On October 12, 1971, the claimant filed a reinstatement petition, alleging that he was unable to perform any strenuous type of physical labor. Hearings were held before a referee at which Dr. John Deffibaugh testified for the claimant and Dr. S. Victor King testified for the employer. Following the hearings, the referee dismissed the petition for reinstatement after

finding that "[a]ny loss of earnings and any inability to work suffered by the claimant after May 12, 1969 [was] not the result of his accidental injury of April 11, 1969."

On claimant's appeal to the Workmen's Compensation Appeal Board (Board), the first referee's decision was set aside and the case was remanded for further medical testimony by an appointed impartial expert. Based on the testimony of the impartial expert, a second referee ruled that claimant was entitled to compensation for temporary total disability beginning May 27, 1971. The decision of the second referee was affirmed by the Board and the present appeal followed. We reverse.

This Court, in *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975), interpreted the 1972 amendments to Section 423 of The Pennsylvania Workmen's Compensation Act[1] as imposing upon the Board stricter limitations on its former wide capacity to remand cases to referees for further taking of evidence. We held that the new provisions empowered the Board to remand only when "the referee's findings are not supported by competent evidence" or when "the referee [has] failed to make a finding on a crucial issue necessary for the proper application of the law." *Id.* at 358, 336 A.2d at 445. In this case, the medical testimony of Dr. King for the employer constitutes competent and comprehensive evidence upon which the first referee properly based his finding.[2] Nor did the first referee fail to make a finding on any crucial issue.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§853-854.

[2] Dr. King testified on the crucial issue as follows:

X-ray examination on Mr. Harclerode with x-rays taken on 9-7-71 at Mercy Hospital including thoracic spine, cervical spine, reveal osteoarthritic changes throughout with accen-

Therefore, by the *Forbes* rule the Board errone-
ously remanded[3] and we are compelled to reverse.

tuation of the osteoarthritic changes at the level of C-6 and
7 and T-5 and 6 and when compared with previous films
taken in October and March of 1970 at Mercy Hospital there
is no significant change in the appearance of the vertebra
and the arthritic changes.

I feel that Mr. Harclerode has some osteoarthritic
changes involving the dorsal spine which are at the present
time symptomatic. There has not been any significant
change in the amount of arthritic changes noted on the
x-rays from October of 1969 to the present time and it is
felt that this arthritis is manifested by some pain and dis-
comfort between the shoulder with mild restriction of mo-
tion as listed above and it is not possible to connect these
chronic arthritic changes with the accident described by Mr.
Harclerode in April of 1969 and it is felt that these arth-
ritic changes are commensurate with the patient's age.

. . . .

Q. Do you have an opinion as to whether or not the
condition that the claimant suffered to his back in April of
1969 caused that arthritis? A. I don't feel that there is any
connection. He has chronic arthritic changes. It is not pos-
sible to connect these chronic arthritic changes with the
accident described by Mr. Harclerode. Q. Doctor, has there,
in fact, been any significant change from the 1969 films
through the 1971 x-ray films? A. No.

[3] The Board explained its remand order for the appointment of
an impartial expert to be the result of its belief that "the evidence
of both physicians [before the first referee] is open to challenge."
This is simply a matter of weight to be given to the testimony and not
a matter of competence. In fact, the Board in its opinion stated:
"Dr. Victor King, an orthopedic surgeon on whose testimony the
[employer] relies, expressed his views with sufficient certainty, to
be sure, and his competence is not questioned."

The Board further explained its ruling in these words:

[The Board] was simply troubled by the time gaps, the
shaky recollections, and the reluctance of the [employer] to
concede the competence of Dr. Deffibaugh, a licensed chiro-
practor. The basis of [our] remand order was doubt that the
record contained the 'sufficient competent evidence' required
by Section 422 of the Act.

## ORDER

AND Now, this 2nd day of May, 1979, the order of the Workmen's Compensation Appeal Board, under date of December 9, 1977, is hereby reversed, and Reinstatement Petition No. 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 is hereby dismissed.

---

We have no such doubt and conclude that the items of concern to the Board go to the weight of the evidence, a resolution of the conflicts in the testimony of expert witnesses, and a determination of the credibility of witnesses, all matters for the referee to pass upon. *Workmen's Compensation Appeal Board v. Phillips*, 29 Pa. Commonwealth Ct. 613, 372 A.2d 63 (1977).

---

DISSENTING OPINION BY JUDGE CRAIG:

This case represents to me a situation which presents considerable difficulty in connection with the application of the doctrines of *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975). The logic of the excellent opinion of Judge BLATT in *Forbes Pavilion* cannot be denied.

However, in the present case, the Board, although conceding the competence of the expert witness for the employer, felt that review by an impartial expert witness was necessary to provide "sufficient competent evidence to provide a fully-rounded view of the issue."

We should be inclined toward a flexible view and a liberal interpretation of the Board's power to remand for impartial medical reexamination. Such an approach is analogous to the very broad discretion which our procedural rules accord to a trial judge with respect to calling upon impartial expert witnesses. See Pa. R.C.P. No. 1515.

Therefore, I would uphold the Board's own broad interpretation of its power in this instance.