Louis Norato, Petitioner *v.* Workmen's Compensation Appeal Board (Tastykake Baking Company), Respondents.

Submitted on briefs June 8, 1983, to Judges BLATT, DOYLE and BARBIERI, sitting as a panel of three.

*Jeffrey I. Zimmerman, Law Offices of Herbert Monheit,* for petitioner.

*Kathleen Nagurny,* with her, *Howard M. Ellner,* for respondent, Tastykake Baking Company.

OPINION BY JUDGE BARBIERI, November 9, 1983:

Claimant, Louis Norato, appeals from an order of the Workmen's Compensation Appeal Board (Board) reversing a referee's award entered following the Board's remand on appeal from a prior disallowance.

Claimant's claim petition requested total disability benefits for a back condition allegedly due to injury from a fall at work on June 1, 1971. After hearings, the referee disallowed compensation by order dated June 26, 1975, based upon the following finding:

2. The Claimant has a prior history of back problems including a back fusion in 1959. The Claimant's disability, of whatever degree, is secondary to his long standing low back disorders rather than as a result of his history of injury on June 1, 1971, the Claimant has failed to meet his burden of proof in establishing that any disability that the Claimant has, was a result of the incident of 6/1/71 or that the incident resulted in any loss of earnings or earning power. The Referee specifically finds that the Defendant through the competent and credible testimony of Dr. Bong Lee has established that though the claimant showed some evidence of internal derangement of the low back, said condition was

one of long standing and is no way related to, nor could it be considered a residual of the injury of June 1, 1971.

He concluded:

2. The Claimant having failed to establish that any disability which he has at the present time was approximately caused by or aggravated by the industrial injury of June 1, 1971, he is not entitled to any benefits under the Workmen's Compensation Act.

3. Since the Defendant has shown with competent, credible evidence that any disability the Claimant has at the present time is not related to the injury of June 1, 1971, but rather the result of a long standing back problem, the Claim Petition for compensation must be denied.

On appeal, the Board remanded by order dated November 13, 1975, expressing doubt as to the referee's credibility decision to accept the testimony of Dr. Bong Lee, defendant's witness, over that of the claimant's medical witness, Dr. Herman Poppe, which, in the Board's opinion raised "a serious conflict in medical testimony;" directing the appointment of an impartial physician and naming a physician; expressing its opinion that it was advisable to reassign the case to a different referee, named in the order; and vacating and setting aside all findings, conclusions and the order appealed from.[1] Testimony of an impartial physician, other than the one named by the Board, was taken without reassignment,[2] by the same referee, who reversed his prior findings, now finding that the

---

[1] Appeal from this remand order by the Board was quashed by this Court as being interlocutory. 27 Pa. Commonwealth Ct. 309, 366 A.2d 1290 (1976).

[2] Reassignments are solely the prerogative of the Department. Act of June 2, 1915, P.L. 736 §415, as amended, 77 P.S. §851.

"credible evidence . . . clearly indicates that Claimant's present disability was caused by his accident of June 1, 1971 and not caused by his previous back operation." He ordered payment of benefits for total disability. Defendant appealed and the Board reversed on the authority of our rulings in *Bethlehem Mines Corporation v. Workmen's Compensation Appeal Board (Padovich)*, 39 Pa. Commonwealth Ct. 442, 395 A.2d 689 (1978) and *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975), holding that since the second finding in the referee's decision of June 26, 1975, quoted above, was based upon "substantial, competent evidence," that Board's prior "remand order for the taking of testimony from an impartial physician . . . [was] . . . a 'clear error of law,' " citing *Inter-State Tile and Mantel Co., Inc. v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 429, 395 A.2d 681 (1978). We agree and will affirm.

It is now settled that the Board, under our decision in *Forbes Pavilion* may not remand for impartial medical testimony "to resolve a conflict in medical testimony that had been resolved by the referee if there was medical testimony to support the referee," *Workmen's Compensation Appeal Board v. Fuller Company*, 30 Pa. Commonwealth Ct. 145, 372 A.2d 967 (1977), and since finding Number 2 made in the first of the referee's decisions was against the Claimant who had the burden of proof and was based on competent evidence and was not made in capricious disregard of the evidence, we must agree with the Board that the remand in this case was clearly erroneous and that, therefore, the referee's decision of June 26, 1975, disallowing benefits, must be reinstated. *No. 1 Contracting Corp. v. Workmen's Compensation Ap-*

270

*peal Board (Van Horn)*, 74 Pa. Commonwealth Ct. 340, 460 A.2d 374 (1983).

ORDER

Now, this 9th day of November, 1983, the order of the Workmen's Compensation Appeal Board in the above captioned matter, filed December 11, 1980, reinstating the referee's decision of June 26, 1975, is affirmed.