Topflight Corporation and Pennsylvania Manufacturers' Association Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Showalter), Respondents.

Argued September 10, 1985, before Judges ROGERS and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*W. Jeffrey Sidebottom, Barley, Snyder, Cooper & Barber,* for petitioners.

*Gary D. Martz,* with him, *Dale E. Anstine,* for respondent, Helen L. Showalter.

OPINION BY JUDGE ROGERS, October 29, 1985:

Topflight Corporation (employer) has filed a petition for review of an order of the Workmen's Compen-

sation Appeal Board (board) upholding a referee's conclusion that the condition of Helen L. Showalter (claimant) had changed from partial to total disability and granting the prayer of her petition for modification of compensation benefits.

The claimant injured her back on May 17, 1976, while in the course of her employment. Pursuant to a notice of compensation payable, the claimant received benefits for total disability. She returned to work on January 21, 1977 and signed a final receipt. The claimant's disability recurred on March 7, 1977, and the parties entered into a supplemental compensation agreement which provided for the claimant's receipt of benefits for total disability. On September 5, 1978, the parties entered into a second supplemental agreement showing that the claimant's disability had changed from total to partial and providing for partial disability benefits.

The claimant stopped working in January, 1979 and in December, 1979, she filed a petition for modification, alleging that her disability had changed from partial to total disability. A referee's hearing on the modification petition was held on March 12, 1980. In a decision filed May 1, 1980, the referee concluded that the claimant failed to meet her burden of proving that her disability had changed from partial to total. No appeal was taken from the decision.

On March 23, 1981, the claimant filed a second modification petition in which she averred that "her condition has significantly deteriorated" since April 25, 1980 and that her disability had increased from partial to total. In support of her petition, the claimant testified on her own behalf and presented the deposition of her treating physician, Dr. J. Joseph Danyo, and the deposition of a psychiatrist, Dr. Howard N. Frederickson, who treated her from February to May of 1981. On cross-examination, Dr. Frederickson, as

will be seen, more or less volunteered his opinion that the claimant's condition had been stable for an extended time before he first treated her.

In a decision favoring the employer dated July 21, 1982, the referee made the following pertinent findings of fact:

4. That Dr. Howard N. Frederickson testified . . . that her physical and emotional condition did not improve during the period of his treatment and further opined that this condition had been 'stable' for a period of two-to-three years prior to his treatment and your Referee accepts this testimony as credible. . . .

5. That Dr. J. Joseph Danyo, the treating physician . . . , states that the claimant's physical condition, of which he can find no objective findings, has also remained constant since April, 1980 and your Referee finds this testimony credible.

6. That there is no testimony which your Referee accepts that shows any recurrence of disability since the prior Referee's order.

The referee denied the petition for modification. The claimant appealed and the board vacated the referee's decision and order and remanded the matter to the referee for findings.

The board held that that part of Dr. Frederickson's testimony which formed the basis of the referee's fourth finding of fact, that the claimant's condition had been stable for two to three years before he saw her, was incompetent as equivocal and because, having treated the claimant only from February to May of 1981, Dr. Frederickson's opinion that the claimant's condition was stable for two or three years before he first saw her was, in effect, without foundation.

The board also observed that the referee in his fifth finding referred to Dr. Danyo's testimony concerning the claimant's physical condition but disregarded that portion of his testimony in which he unequivocally expressed his opinion that the claimant's mental and emotional condition had deteriorated since April, 1980. The board also concluded that the referee's sixth finding of fact referring to the absence of evidence of recurrence was in disregard of the true issue because the claimant had not claimed that her disability had recurred but that her work-related disability had increased.

Finally, the board held that the referee correctly applied the rule of *Cerny v. Schrader & Seyfried, Inc.*, 463 Pa. 20, 342 A.2d 384 (1975), that a claimant receiving partial disability benefits who files a petition seeking compensation for total disability has the burden to prove that his disability increased after the date of the referee's award for partial disability, and that the referee failed to consider the exception to this rule applicable where a claimant proves a change of condition occurring after the date of the referee's hearing and at a time too close to the time of the filing of the referee's decision for him to notify compensation authorities of the change. *Brockway Glass Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 624, 377 A.2d 1029 (1977). Here the referee's hearing in the first case was held on March 12, 1980, and the decision denying the prayer of the claimant's petition for modification for total disability was filed on May 1, 1980. In this, the second proceeding, the claimant alleges that she became totally disabled on April 25, 1980 and Dr. Danyo testified that the claimant's mental condition had deteriorated after April 17, 1980. The board in this proceeding held that the *Brockway* exception might apply but that without

express findings of fact on these crucial issues, it was unable to review the referee's decision.

In short, the board remanded the matter because one of the referee's findings was based on incompetent evidence, another was made in disregard of competent evidence, and because the referee had failed to make the findings necessary to the decision of an issue raised by the evidence.

On remand, a different referee accepted Dr. Frederickson's testimony that the claimant's work-related injury was the cause of her mental condition but rejected Dr. Frederickson's "suppositions as to Claimant's condition for the period of years prior to his treatment of her." The referee also found, based on Dr. Danyo's testimony, that the claimant's mental and emotional state had deteriorated to the point of total disability during April, 1980, and awarded compensation for total disability. The board affirmed.

The employer raises two questions: (1) that of whether the board acted properly in vacating the first referee's decision and order and in remanding the cause for findings and (2) that of whether the findings of fact of the referee who decided the case on remand in favor of the claimant were supported by substantial evidence.

With respect to the first question, the employer contends that Dr. Frederickson's cross-examination testimony was not incompetent as equivocal. We disagree and reproduce the witness' testimony which in our view is clearly equivocal:

Q. And you, also, expressed the opinion that as of your last visit that her condition had stabilized?

A. It had probably been stable for two or three years.

Q. What do you mean, 'stable for two or three years'?

A. That it wasn't getting any worse, it was [sic] getting any better. It was at a level of misery that she presented at that time and probably will continue at that level.

Q. So for the years 1979 and 1980, it would have been the same as you had seen it?

A. I would estimate it to be that, yes.

. . . .

Q. Dr., you said that you felt that her condition has stabilized and was the same for the last two or three years.

I take it you would have felt that she was also totally disabled for that same period of time?

A. To the extent that she was experiencing this kind of pain on movement, sitting in various positions, and walking, yes.

I didn't see her, of course, but I was making that assumption.

No matter how skilled or experienced the witness may be, he will not be permitted to guess or to state a judgment based on mere conjecture. *Collins v. Hand,* 431 Pa. 378, 390, 246 A.2d 398, 404 (1968). Dr. Frederickson testified that his history consisted only of information that the claimant injured her back at work in 1976. Dr. Frederickson had no basis in the facts for his opinion that the claimant had been stable before 1981.

The board may reverse a referee's decision and remand when the referee's findings are unsupported by substantial evidence of record or the referee's findings fail to resolve a necessary issue raised by the evidence or by the parties. *Schuster v. Workmen's Compensation Appeal Board,* 74 Pa. Commonwealth Ct. 56, 459 A.2d 846 (1983); *Forbes Pavilion Nursing Home v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975). Both of these conditions obtain here.

As noted, the employer's second contention is that the second referee's finding of fact, based on Dr. Danyo's testimony, that the claimant's disability had changed from partial to total disability since April, 1980, was not supported by the evidence; that there is insufficient testimony showing a change in the claimant's disability after the referee's decision of May 1, 1980; and that Dr. Danyo indeed testified that the claimant was totally disabled in January, 1980. However, Dr. Danyo also testified that the claimant's condition of mental health had deteriorated after her visit to him on April 17, 1980. We find *Workmen's Compensation Appeal Board v. Gimbel Brothers*, 19 Pa. Commonwealth Ct. 176, 338 A.2d 755 (1975) to be controlling on this point. In *Gimbel Brothers*, we held that the claimant sufficiently established an increase in her disability after the date of a 1966 award for partial disability by the testimony of a medical expert that her general physical condition had deteriorated after the 1966 award, although the same witness expressed the opinion that the claimant was totally disabled before the 1966 award.

Order affirmed.

### ORDER

AND Now, this 29th day of October, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.